UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HARDNEY,<br><br>    Petitioner,<br><br>    v.<br><br>R. CASTRO,<br><br>    Respondent. | No. 2:21-cv-01040-DAD-DMC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR FEDERAL HABEAS RELIEF<br><br>(Doc. Nos. 1, 12, 16) |

       Petitioner John Hardney proceeds *pro se* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

       On April 19, 2022, the assigned magistrate judge issued findings and recommendations recommending that the pending petition for federal habeas relief be denied.  (Doc. No. 16.)  The findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service.  (*Id*. at 11.)  On May 19, 2022, petitioner filed timely objections to the pending findings and recommendations as well as exhibits.[1]  (Doc. Nos. 18, 19.)  Respondent filed no response to petitioner's objections.  On

---

[1] Thereafter, on August 25, 2022, this case was reassigned to the undersigned district judge. (Doc. No. 22.)

1

1  September 23, 2022, petitioner filed with the court a 37-page request for judicial notice (Doc. No.
2  23) that, for the most part, does not appear to relate to the only two claims for relief asserted in
3  the pending federal habeas petition but instead appears to reflect challenges to petitioner's
4  underlying conviction in state court.  Nonetheless, the court has considered that filing as well.

5  In his objections to the pending findings and recommendations, petitioner in large part
6  repeats arguments similar to those presented in his petition for federal habeas relief and traverse.
7  (Doc. Nos. 1, 13 & 14.)  Those arguments do not meaningfully address or call into question the
8  analysis contained within the pending findings and recommendations addressing petitioner's
9  claims to federal habeas relief.

10  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this
11  court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the
12  court finds the findings and recommendations to be supported by the record and proper analysis.
13  *See Knight v. Spearman*, No. 2:19-cv-1633-KJM-KJN (PC), 2021 WL 490282 at *5–8 (E.D. Cal.
14  Feb. 10, 2021) (recommending dismissal of similar claims brought in a federal habeas
15  proceeding), *adopting report and recommendation* 2021 WL 4478730 (Sept. 30, 2021); *see also*
16  *Mitchell v. Cueva*, No. 2:21-cv-1475-KJM-EFB (PC), 2022 WL 866563, at *1–3 (E.D. Cal. Mar.
17  23, 2022) (rejecting and dismissing similar claims brought in a § 1983 action), *adopting report*
18  *and recommendation* No. 2:21-cv-1475-KJM-EFB (PC), Doc. No. 15 (June 20, 2022).

19  Additionally, the court declines to issue a certificate of appealability.  A petitioner seeking
20  a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his
21  petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S.
22  322, 335–36 (2003); 28 U.S.C. § 2253.  If a court denies a habeas petition on the merits, the court
23  may only issue a certificate of appealability "if jurists of reason could disagree with the district
24  court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the
25  issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S.
26  at 327; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While the petitioner is not required
27  to prove the merits of his case, he must demonstrate "something more than the absence of
28  frivolity or the existence of mere good faith on his . . . part."  *Miller-El*, 537 U.S. at 338.  In the

present case, the court concludes that reasonable jurists would not find the court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the court will decline to issue a certificate of appealability.

Accordingly,

1. The recommendation set forth in the findings and recommendations filed on April 19, 2022 (Doc. No. 16) is adopted and the petition for federal habeas relief (Doc. No. 1) is denied;

2. Respondent's motion to dismiss the petition filed December 13, 2021 (Doc. No. 12) is denied as having been rendered moot by this order;[2]

3. The court declines to issue a certificate of appealability; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **March 23, 2023**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE

---

[2] While the pending findings and recommendations address the issues and arguments presented by respondent in the motion to dismiss, no recommendation is made as to the granting or denial of that motion. (*See* Doc. No. 16 at 11.) In any event, that is of no moment as the court has adopted the recommendation that the pending petition be denied and has adopted the findings and recommendations, finding them to be supported by the record and proper analysis. Accordingly, respondent's motion to dismiss will be denied as having been rendered moot by this order.